## IN RICHMOND SUPERIOR COURT.

### ELISHA MARTIN & Co. *vs.* HENRY C. BYROM.

#### *Verdict for Plaintiff and Motion for New Trial.*

THE grounds of this motion are that the verdict is contrary to evidence, contrary to law, and contrary to the instruction of the court.

It is an action to recover the amount of a promissory note, and infancy is the defence relied on. The proof to sustain the plea is the deposition of Malcolm Johnson, defendant's step-father. He fully sustains the plea, proving defendant's exact age as seen by the witness, recorded in the family record of births, which is now destroyed. The witness has been defendant's step-father since 1808, enjoyed the best means of knowing his age, and his credit is unimpeached and uncontradicted except by the testimony of some witnesses who swear as to the apparent age of the defendant at the time of the contract. So uncertain and unsatisfactory was the proof of majority derived from defendant's appearance, that

A subsequent promise to avoid the plea of infancy, must be express, and deliberately made. A mere acknowledgment is not sufficient.

**204**

RICHMOND.

MARTIN &
Co.
*v.*
BYROM.

plaintiff replied a subsequent promise and affirmance of the contract by defendant, when at full age. This in the opinion of the court the court is the point upon which the case depends. A subsequent promise to be obligatory must be express and deliberately made. A mere acknowledgment is not sufficient. In this case the subsequent promise relied upon was made under circumstances which would seem to render it rather an offer of compromise than a free, deliberate and express promise to pay. The defendant was in arrest for this very debt, and offered to pay a part if he could be released and have time for the balance. This offer was rejected. Bail was required and given. But whether this offer or promise were or were not made by way of compromise, the time and circumstances under which it was made, show an absence of that deliberation and freedom necessary to render it valid. To support the action, it should have been made before suit brought. On all the grounds, the motion must be sustained.

It is therefore ordered that the verdict be set aside, and a new trial granted.